**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Wen Vaughn, as Administrator of the Estate of Robert Buch Enck, Deceased | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | **JURY TRIAL DEMANDED** |
| Dauphin County | : | |
| and | : | |
| PrimeCare Medical, Inc. | : | **No.** |
| and | : | |
| Warden Gregory Briggs | : | |
| and | : | |
| CEO Thomas Weber | : | |
| and | : | |
| Captain Andrew Klahr, Captain Ted Zimmerman, Lieutenant Raymond Adams, Lieutenant Richard Armermann, Lieutenant Mark Poligone, Sergeant Brandon Wetzel, and Block Officers John Doe #1-5 | : | |
| and | : | |
| Correctional Officers Danyell Himes, Cody Kroster, Vincent Mallace, Dustin Kaufman, Jordan Holmes and Correctional Officers John Doe #1-5 | : | |
| and | : | |
| Medical Providers Curtis Bone, MD Joienicole Barr, LPN, Jessica Nye, MA, Christine Cilli, LPN, Shyasia Bailey, LPN, Kathryn Sciotti, MA and Medical Providers John/Jane Doe 1-5 | : | |
| **Defendants** | : | |

## COMPLAINT

### I.    Introduction

1.    On May 7, 2023, Decedent, Robert Buch Enck  ("Decedent" or "Mr. Enck"), age 60, died in Dauphin County Prison ("DCP") from complications of lung carcinoma and pneumonia that went untreated by Defendants. Plaintiff, Wen Vaughan ("Plaintiff"), brings this

lawsuit against Defendants on behalf of her brother, Robert Buch Enck, pursuant to 42 U.S.C. § 1983, the Due Process Clause of the Fourteenth Amendment of the United States Constitution, alleging Due Process claims for Inadequate Medical Care, a claim under the Americans with Disability Act ("ADA") as well as the statutory and common laws of the Commonwealth of Pennsylvania.   The Inadequate Medical Care and ADA claims stem from Defendants' failure to treat and accommodate Mr. Enck's schizophrenia, decompensating mental condition, carcinoma and pneumonia.

## II.    Jurisdiction and Venue

2.    The court has jurisdiction over the Federal Law Claims pursuant to 28 U.S.C. §§1331 and 1343 and jurisdiction over the State Law Claims pursuant to 28 U.S.C. § 1367 and the principles of pendant and ancillary jurisdiction.

3.    Venue is proper under 28 U.S.C. §1391(b) because the cause of action upon which the complaint is based arose in Dauphin County, Pennsylvania, which is in the Middle District of Pennsylvania.

## III.    Parties

4.    Plaintiff, Wen Vaughn, is an adult citizen and resident of the Commonwealth of Pennsylvania and was at all relevant times the sister of Decedent, Robert Buch Enck.

5.    Plaintiff is the administrator and heir of the Estate of Robert Buch Enck.

6.    At all relevant times, Decedent Robert Buch Enck was an inmate at Dauphin County Prison, awaiting a competency hearing.

7.    Defendant, Dauphin County, is an entity organized or political subdivision  existing under the  laws of the Commonwealth of Pennsylvania, which maintains a central office and/or principal place of business located in Harrisburg, Pennsylvania.

8.      Defendant, Dauphin County, all relevant times, owned, operated, managed, maintained, and was otherwise responsible for the inmates at Dauphin County Prison.

9.      At all relevant times, Defendant Dauphin County acted or failed to act through its employees, agents, servants, and/or contractors, then and there acting in the course and scope of their employment, agency, servanthood, and/or contract, including but not limited to the individually named Defendants.

10.     At all relevant times, Defendant Dauphin County was charged with housing, supervising, and caring for the inmates at Dauphin County Prison, and they delegated their constitutional duty of providing said inmates' medical care to Defendant PrimeCare Medical, Inc.

11.     Defendant, PrimeCare Medical, Inc., is a business entity organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business with its principal place of business as set forth above.

12.     At all relevant times, PrimeCare Medical, Inc., acted or failed to act through its employees, agents, servants, and/or contractors, then and there acting in the course and scope of their employment, agency, servanthood, and/or contract, including but not limited to the individually named Defendants.

13.     At all relevant times, Defendants Dauphin County and PrimeCare Medical, Inc. were performing a traditional governmental function under color of state law and were therefore state actors.

14.     At all relevant times, Defendants Dauphin County and PrimeCare Medical, Inc., were responsible for testing, hiring, training, supervising, and disciplining individuals who were staffing Dauphin County Prison, including, but not limited to, the named individual defendants.

15.     Defendant, Warden Gregory Briggs, is an adult individual and resident of the Commonwealth of Pennsylvania, who, at all relevant times, was employed by Defendant Dauphin County, was acting under color of state law, was the final policymaker for Dauphin County Prison, and is being sued in his individual and official capacities.

16.     Defendant, CEO Thomas Weber, is an adult individual and resident of the Commonwealth of Pennsylvania, who, at all relevant times, was employed by Defendant PrimeCare Medical, Inc., was acting under color of state law, was the final policymaker for Defendant PrimeCare Medical, Inc., and is being sued in his individual and official capacities.

17.     Defendants, Captain Andrew Klahr, Captain Ted Zimmerman, Lieutenant Raymond Adams, Lieutenant Richard Armermann, Lieutenant Mark Poligone, Sergeant Brandon Wetzel, and Block Officers John Doe #1-5 (so designated by fictious name because Plaintiff, despite the exercise of reasonable diligence, was unable to learn their identity), are adult individuals, and residents of the Commonwealth of Pennsylvania, who, at all relevant times, were employed as correctional officers by Defendant Dauphin County.

18.     At all relevant times, Defendants Captain Andrew Klahr, Captain Ted Zimmerman, Lieutenant Raymond Adams, Lieutenant Richard Armermann, Lieutenant Mark Poligone, Sergeant Brandon Wetzel, and Block Officers John Doe #1-5, were acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of Defendant Dauphin County.  They are being sued in their individual and official capacities.

19.     Defendants, Correctional Officers Danyell Himes, Cody Kroster, Vincent Mallace, Dustin Kaufman, Jordan Holmes and Correctional Officers John Doe #1-5, are adult individuals and residents of the Commonwealth of Pennsylvania, who, at all relevant times, were employed as correctional officers by Defendant Dauphin County.

20.     At all relevant times, Defendants Correctional Officers Danyell Himes, Cody Kroster, Vincent Mallace, Dustin Kaufman, Jordan Holmes and Correctional Officers John Doe #1-5, were acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of Defendant Dauphin County. They are being sued in their individual and official capacities.

21.     Defendants, Medical Providers Curtis Bone, MD, Joeinicole Barr, LPN, Jessica Nye, MA, Christine Cilli, LPN, Shyasia Bailey, LPN, Kathryn Sciotti, MA and Medical Providers John/Jane Doe #1-5, are adult individuals and residents of the Commonwealth of Pennsylvania, who, at all relevant times, were employed as medical providers for Dauphin County Prison by Defendant Dauphin County and/or PrimeCare Medical, Inc.

22.     At all relevant times, Defendants Medical Providers Curtis Bone, MD, Joeinicole Barr, LPN, Jessica Nye, MA, Christine Cilli, LPN, Shyasia Bailey, LPN, Kathryn Sciotti, MA and Medical Providers John/Jane Doe #1-5, were acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies, and practices of Defendant Dauphin County and/or Defendant PrimeCare Medical, Inc. They are being sued in their individual and official capacities.

## III.    Operative Facts

23.     On or about August 17, 2022, Mr. Enck was arrested, charged with aggravated assault and admitted to Dauphin County Prison.

24.     Mr. Enck, who had been diagnosed with schizophrenia in his teens, received Social Security Disability (SSD) benefits and lived with and was cared for by his mother during his entire life until his incarceration.

25.     While incarcerated at Dauphin County Prison, it was determined that he would need a competency hearing as his mental illness was evident and extreme.

26.     While incarcerated at Dauphin County Prison, upon information and belief, Mr. Enck did not receive the medical care to which he was legally entitled, especially in light of the aforementioned diagnosis of schizophrenia.

27.     Upon information and belief, Mr. Enck's health deteriorated during his incarceration, and he did not receive the additional health checks needed to ensure medical compliance, as well as basic health checks.

28.     On May 7, 2023, almost nine months after he was incarcerated,  at approximately 10:38 a.m.,  Defendant Correctional Officer, Danyell Himes, found Decedent unresponsive in his cell.

29.     Decedent was last seen at approximately 5:20 AM on that day when Defendant Block Officer John Doe #1 set a breakfast bag in decedent's cell.

30.     On the above date, Defendants, Medical Providers Curtis Bone, MD, Joeinicole Barr, LPN, Jessica Nye, MA, Christine Cilli, LPN, Shyasia Bailey, LPN, Kathryn Sciotti, MA and Medical Providers John/Jane Doe # 1-5, provided medical response, but it was futile, as he had no pulse and was not breathing.

31.     Subsequent measures were also futile, and Mr. Enck was pronounced dead approximately one hour later, at 11:39 a.m.

32.     The Dauphin County Coroner's Office conducted an autopsy and determined the cause of death was complications from lung carcinoma and pneumonia.

33.     Mr. Enck was confined to the prison without adequate surveillance, supervision and/or medical care, resulting in the prolonged response to his emergency medical needs.

34.    As a direct and proximate result of the above deliberate indifference, wrongful acts, and omissions of Defendants, Decedent suffered emotional pain, physical suffering, and death.

### Count I – 42 U.S.C. § 1983
### Due Process—Inadequate Medical Care
### Plaintiff v. PrimeCare Medical, Inc., CEO Thomas Weber, and
### <u>All Individual Defendant Medical Providers</u>

35.    All of the preceding paragraphs are incorporated by reference as if more fully set forth herein.

36.    Defendants PrimeCare Medical, Inc., CEO Thomas Weber, and Medical Providers Curtis Bone, MD, and/or Joeinicole Barr, LPN, and/or Jessica Nye, MA, and/or Christine Cilli, LPN, and/or Shyasia Bailey, LPN, and/or Kathryn Sciotti, MA and/or Medical Providers John/Jane Doe #1-5, had a constitutional and/or statutory duty to provide Decedent necessary medical care.

37.    Defendants PrimeCare Medical, Inc., CEO Thomas Weber, and Medical Providers Curtis Bone, MD, and/or Joeinicole Barr, LPN, and/or Jessica Nye, MA, and/or Christine Cilli, LPN, and/or Shyasia Bailey, LPN, and/or Kathryn Sciotti, MA and/or Medical Providers John/Jane Doe #1-5, failed to properly examine, diagnosis and treat the Decedent for his serious medical needs.

38.    Decedent had serious medical and mental health conditions, to wit, schizophrenia, lung cancer and pneumonia.

39.    Decedent's medical and mental health needs were serious as evidenced by his death following lack of treatment.

40.    As a direct and proximate result of the malicious, intentional, deliberate, and/or reckless actions of aforementioned Defendants, Decedent suffered excruciating pain and died.

41.    The above-described actions of the aforementioned Defendants were so malicious, intentional, deliberate and reckless and displayed such a reckless indifference to Decedent's rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §1983, Plaintiff demands compensatory and punitive damages against the Defendants PrimeCare Medical, Inc., CEO Thomas Weber, and Medical Providers Curtis Bone, MD, Joeinicole Barr, LPN, Jessica Nye, MA, Christine Cilli, LPN, Shyasia Bailey, LPN, Kathryn Sciotti, MA and/or Medical Providers John/Jane Doe #1-5, in an amount sufficient to fully and adequately compensate Plaintiff and punish and deter Defendants, plus interest, costs, attorney's fees and all other appropriate relief.

**Count II – 42 U.S.C. § 1983**
**Monell Claim – Denial of Medical Care**
**Plaintiff v. Dauphin County, PrimeCare Medical, Inc., Warden Gregory**
**<u>Briggs, and CEO Thomas Weber</u>**

42.    All of the preceding paragraphs are incorporated by reference as if more fully set forth herein.

43.    Defendants Dauphin County, PrimeCare Medical, Inc., Warden Gregory Briggs, and CEO Thomas Weber have adopted and maintained for many years a recognized and accepted policy, custom, and practice of condoning and/or the acquiescence of the deliberate indifference to serious medical needs of pre-trial detainees and inmates being held for competency hearings, including Decedent, and of subjecting them to the same type of treatment to which Decedent was subjected, which policy violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States.

44.    The aforementioned unconstitutional policy, custom and practice includes failing to provide adequate training of medical providers and correctional officers regarding the need to

examine, diagnosis and treat inmates/pretrial detainees being held for competency hearings with serious mental and physical medical conditions, including the Decedent.

45.     Defendants Dauphin County, PrimeCare Medical, Inc., Warden Gregory Briggs, and CEO Thomas Weber have knowingly adopted and maintained for many years recognized and accepted customs, policies, and/or practices within Dauphin County Prison that increased the risk of injuries and death due to lack of proper medical treatment to inmates and pre-trial detainees being held for competency hearings such as Decedent and that ultimately resulted in Decedent's above-described injuries and ultimate death, including but not limited to:

      a.   Failing to have and/or enforce appropriate medical and mental health care procedures, policies, and training to prevent prison staff and medical providers from denying inmates/pre-trial detainees being held for competency hearings necessary medical care and/or diagnostic testing;

      b.   Failing to have and/or enforce appropriate procedures, policies, and training to provide adequate medical and mental health care regarding the medical needs of inmates/pre-trial detainees being held for competency hearings.

      c.   Failing to have and/or enforce adequate testing, hiring, training, supervision, and discipline to ensure prison staff act to prevent and/or intervene in prison staff and medical providers denying adequate medical and/or mental  care to inmates/pre-trial detainees being held for competency hearings.

46.     Defendants Dauphin County, PrimeCare Medical, Inc., Warden Gregory Briggs, and CEO Thomas Weber have been aware of the aforementioned customs, policies, and/or practices for a substantial period of time and, despite said knowledge, were deliberately indifferent of the constitutional rights of inmates/pre-trial detainees being held for competency hearings by failing to :

    a.   Take steps to terminate them;

    b.   Discipline or otherwise properly supervise the defendant prison staff and/or medical providers who engaged in them;

    c.   Sanction them instead of effectively training the defendant prison staff and/or medical providers with regard to the proper constitutional and statutory duties regarding medical and mental health care owed to inmates/pre-trial detainees being held for competency hearings in their custody and care.

47.    Defendants Dauphin County, PrimeCare Medical, Inc., Warden Gregory Briggs, and CEO Thomas Weber effectively condoned, acquiesced to, participated in, and perpetrated the aforementioned customs, policies, and/or practices, in violation of Decedent's rights under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania, and in violation of 42 U.S.C. § 1983, by failing to take action to stop or limit to the aforementioned customs, policies, and/or practices, and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the same.

48.    These customs, policies, and/or practices are shown by the numerous accounts of inmates of Dauphin County Prison suffering denial of medical care, including but not limited to:

    a.   Between 2009 and January of 2022, at least twenty-six (26) inmates died in Dauphin County Prison custody, including the highest rate of inmate deaths in all of Pennsylvania in 2019, prompting Defendant Dauphin County to hire an expert to audit Dauphin County Prison in 2021. *Vendel, Christine, "Man Died in Dauphin County Prison, Marking the 5th Death in 10 Months", PennLive, January 31, 2022,*

      *available at* https://www.pennlive.com/news/2022/01/man-dies-in-dauphin-county-prison-marking-the-5th-death-in-10-months.html;

b. The complaint of *Riley, et al., v. Clark, et al.*, 4:20-cv-00325 (M.D. Pa.), in which Plaintiffs allege defendant prison staff used excessive force in repeatedly beating a pretrial detainee about the head and body and then offered no medical treatment for his injuries, ultimately causing his death, on June 18 – 26, 2019;

c. The complaint of *Crummel, et al., v. Dauphin County, et al.,* 1:23-cv-01380 (M.D. Pa.), in which Plaintiffs allege defendant prison staff neglected his mental and physical condition to such a degree that he died he developed a near fatal skin disease and died if hypothermia in his cell on January 31, 2022;

d. The complaint of *King, et al., v. Dauphin County, et al.,* 1:22-cv-01241 (M.D. Pa.), in which Plaintiffs allege defendant prison staff neglected to give decedent adequate medical care after his assault by a fellow inmate resulting in his death several days later of a traumatic brain injury on August 29, 2020.

49. As the direct and proximate cause of Defendants Dauphin County, PrimeCare Medical, Inc., Warden Gregory Briggs, and CEO Thomas Weber, the Decedent's rights under the Due Process Clause were violated and he suffered prolong pain, agony and death.

**WHEREFORE**, pursuant to 42 U.S.C. § 1983 and § 1988, Plaintiff demands compensatory damages against Defendants Dauphin County, PrimeCare Medical, Inc., Warden Gregory Briggs, and CEO Thomas Weber, jointly and/or severally, in an amount sufficient to fully and adequately compensate the Plaintiff, plus interest, costs, attorney's fees and all other appropriate relief.

**Count III – 42 U.S.C. § 1983**
**Supervisory Liability**
**Plaintiff v. Captain Andrew Klahr, Captain Ted Zimmerman, Lieutenant Raymond Adams, Lieutenant Richard Armermann, Lieutenant Mark Poligone, Sergeant Brandon Wetzel, and Block Officers John Doe #1-5**

50.     All preceding paragraphs are incorporated by reference as if fully set forth herein.

51.     Defendants, Captain Andrew Klahr, Captain Ted Zimmerman, Lieutenant Raymond Adams, Lieutenant Richard Armermann, Lieutenant Mark Poligone, Sergeant Brandon Wetzel, and/or Block Officers John Doe #1-5, were direct supervisors of Defendants, Correctional Officers Danyell Himes, Cody Kroster, Vincent Mallace, Dustin Kaufman, Jordan Holmes and/or John Doe #1-5.

52.     Defendants, Captain Andrew Klahr, Captain Ted Zimmerman, Lieutenant Raymond Adams, Lieutenant Richard Armermann, Lieutenant Mark Poligone, Sergeant Brandon Wetzel, and Block Officer John Doe, have been deliberately indifferent to the rights of inmates/pretrial detainees to receive necessary medical and mental health care while imprisoned, which deliberate indifference violated Decedent's rights under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania, and in violation of 42 U.S.C. § 1983.

53.     Defendants, Captain Andrew Klahr, Captain Ted Zimmerman, Lieutenant Raymond Adams, Lieutenant Richard Armermann, Lieutenant Mark Poligone, Sergeant Brandon Wetzel, and/or Block Officers John Doe #1-5, have knowingly adopted and maintained for many years recognized and accepted customs, policies, and/or practices within Dauphin County Prison that increase the risk of danger to inmates/pretrial detainees such as Decedent and that ultimately resulted in Decedent's above-described injuries and death, including but not limited to:

    a.   Failing to have and/or enforce appropriate medical and mental health care

procedures, policies, and training to prevent prison staff and/or medical providers

from failing to provide inmates with necessary medical care and/or diagnostic

testing;

    b.   Failing to have and/or enforce appropriate procedures, policies, and training to

provide adequate medical and mental health care  to inmates/pretrial detainees;

    c.   Failing to have and/or enforce adequate testing, hiring, training, supervision, and

discipline to ensure prison staff act to prevent and/or intervene in prison staff and

medical providers denying adequate care to inmates/pretrial detainees, especially

those being held for competency hearings.

54.    Defendants, Captain Andrew Klahr, Captain Ted Zimmerman, Lieutenant Raymond

Adams, Lieutenant Richard Armermann, Lieutenant Mark Poligone, Sergeant Brandon Wetzel,

and/or Block Officers John Doe #1-5 have been aware of the aforementioned customs, policies,

and/or practices for a substantial period of time and, despite said knowledge, were deliberately

indifferent to the constitutional rights of inmates/pretrial detainees by failing to:

    a.   Take steps to terminate them; and

    b.   Discipline or otherwise properly supervise Defendant prison staff and/or medical

providers who engaged in them.

55.    Defendants, Captain Andrew Klahr, Captain Ted Zimmerman, Lieutenant Raymond

Adams, Lieutenant Richard Armermann, Lieutenant Mark Poligone, Sergeant Brandon Wetzel,

and/or Block Officers John Doe #1-5 effectively condoned, acquiesced to, participated in, and

perpetrated the aforementioned customs, policies, and/or practices, in violation of Decedent's rights

under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States,

the laws of the United States and of the Commonwealth of Pennsylvania, and in violation of 42 U.S.C. § 1983, by failing to take action to stop or limit to the aforementioned customs, policies, and/or practices, and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the same.

56.     At all relevant times, and in addition and/or in the alternative to the above, Defendants, Captain Andrew Klahr, Captain Ted Zimmerman, Lieutenant Raymond Adams, Lieutenant Richard Armermann, Lieutenant Mark Poligone, Sergeant Brandon Wetzel, and/or Block Officers John Doe #1-5, directed and/or knew of and acquiesced to the deprivations of Decedent's rights described above.

57.     As a direct and proximate result of the malicious, intentional, and reckless actions and failures to act of Defendants, Captain Andrew Klahr, Captain Ted Zimmerman, Lieutenant Raymond Adams, Lieutenant Richard Armermann, Lieutenant Mark Poligone, Sergeant Brandon Wetzel, and/or Block Officers John Doe #1-5, Decedent suffered injuries and death described above.

58.     The above-described acts and failures to act of Defendants, Captain Andrew Klahr, Captain Ted Zimmerman, Lieutenant Raymond Adams, Lieutenant Richard Armermann, Lieutenant Mark Poligone, Sergeant Brandon Wetzel, and/or Block Officers John Doe #1-5, in their individual capacities, were so malicious, intentional, and reckless and displayed such reckless indifference to Decedent's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §1983 and §1988, Plaintiff demands compensatory and punitive damages against Defendants, Captain Andrew Klahr, Captain Ted Zimmerman, Lieutenant Raymond Adams, Lieutenant Richard Armermann, Lieutenant Mark Poligone, Sergeant Brandon Wetzel, and Block Officers John Doe #1-5, jointly and/or severally, in an

amount sufficient to fully and adequately compensate Plaintiff and deter Defendants and those similarly situated, plus interest, costs, attorney's fees, and all other appropriate relief.

### Count IV
### Negligence/Vicarious Liability
### Plaintiff v. All Defendant Medical Providers

59.     All of the preceding paragraphs are incorporated by reference as if more fully set forth herein.

60.     Defendants, Curtis Bone, MD, Joeinicole Barr, LPN, Jessica Nye, MA, Christine Cilli, LPN, Shyasia Bailey, LPN, Kathryn Sciotti, MA, and Medical Providers John/Jane Doe #1-5 had a duty to render reasonable, proper, adequate and appropriate medical care to Plaintiff's Decedent and to protect him from harm.

61.     As detailed above, the aforementioned Defendants were negligent and careless, and breached their duty of care the Plaintiff's Decedent, and said negligence and carelessness was a substantial factor causing the injuries and wrongful death of the Decedent.

62.     Defendant PrimeCare Medical, Inc. is liable for the negligent conduct of the aforementioned Defendants pursuant to the principles of agency, ostensible agency, vicarious liability and/or respondeat superior.

**WHEREFORE**, Plaintiff, demands compensatory and punitive damages against Defendants, Medical Providers PrimeCare Medical, Inc., Curtis Bone, MD, Joeinicole Barr, LPN, Jessica Nye, MA, Christine Cilli, LPN, Shyasia Bailey, LPN, Kathryn Sciotti, MA and Medical Providers John/Jane Doe #1-5, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff and deter Defendants and those similarly situated, plus interest, costs, attorney's fees, and all other appropriate relief.

**Count V**
**Corporate Negligence/Gross Negligence**
**Plaintiff v. PrimeCare Medical, Inc.**

63.    All of the preceding paragraphs are incorporated by reference as if more fully set forth herein.

64.    The direct corporate negligence, gross negligence and carelessness of Defendant PrimeCare Medical, Inc. includes, but is not limited to:

    a.   Failure to properly train its employees, agents, and ostensible agents regarding the need to ensure that inmates/pretrial detainees, especially those awaiting a competency hearing, with serious mental and physical medical conditions are examined, diagnosed and treated;

    b.   Failure to properly train its employees, agents, and ostensible agents regarding the need for sanitary and humane conditions in the cells;

    c.   Failure to formulate, adopt, and/or enforce adequate rules, policies and/or procedures to ensure that inmates with severe mental health issues receive needed medicines and psychological services such as counseling, therapy and psychiatric assessments;

    d.   Failure to establish policies to ensure that inmates with severe mental and physical health issues that are being monitored or seen as recommended and on a regular basis and receiving adequate care.

65.    Defendant PrimeCare Medical, Inc., had actual and/or constructive knowledge of the above acts and omissions which caused harm, increased the risk of harm, and were substantial factors in causing the injuries and wrongful death of the Decedent.

66.    The direct corporate and/or gross negligence and carelessness of Defendant PrimeCare Medical, Inc. set forth herein caused harm, increased the harm, and was a substantial factor in causing the injuries and wrongful death of the Decedent.

67.    The above-described actions of the Defendant were so malicious, intentional and reckless and displayed such a reckless indifference to the Decedent's rights and well-being, that the imposition of punitive damages is warranted.

**WHEREFORE**, Plaintiff demands compensatory and punitive damages against Defendant, PrimeCare Medical, Inc. for an amount sufficient to fully and adequately compensate Plaintiff and deter Defendants and those similarly situated, plus interest, costs, attorney's fees, and all other appropriate relief.

### Count VI – 42 U.S.C. § 1983
### ADA Claim
### <u>Plaintiff v. Dauphin County</u>

68.    All of the preceding paragraphs are incorporated by reference as if more fully set forth herein.

69.    Decedent was qualified individual with a disability, namely schizophrenia and other mental health issues, who was discriminated against by Defendant Dauphin County as a result of his disability.

70.    Specifically, Defendant failed to provide the Decedent the medical and mental health care that his schizophrenia and other mental disability required, and instead allowed the Decedent to decompensate, which, combined with his other health issues, contributed to and hastened his death.

71.    Defendant discriminated against the Decedent by failing to accommodate his disability by providing adequate medical and mental health care for his condition, including but not limited to psychiatric care.

**WHEREFORE**, pursuant to the ADA, Plaintiff demands compensatory damages against the Defendant in an amount sufficient to fully and adequately compensate the Plaintiff and punish and deter the defendants, plus interest, costs, attorney's fees and all other appropriate relief.

### Count VII - 42 Pa. C.S. § 8301
### Wrongful Death
### <u>Plaintiff v. All Defendants</u>

72.    All of the preceding paragraphs are incorporated by reference as if more fully set forth herein.

73.    Plaintiff brings this action pursuant to the Wrongful Death Act 42 Pa. C.S.A. Section 8301 and claims all damages recoverable under the Pennsylvania Wrongful Death Act.

74.    As a direct and proximate result of the aforementioned actions of the Defendants, Decedent, Robert Buch Enck, his family, and his estate have suffered severe emotional and pecuniary losses and damages including the following:

   a.   An amount which will cover all funeral, burial and estate administration expenses incurred;

   b.   An amount which will fairly and adequately compensate the family members of the decedent for their loss of such contributions as they would have received between the time of the death of Decedent and today. This includes all monies that Decedent would have spent for or given to his family;

   c.   An amount which will fairly and adequately compensate his family for the loss of such contributions as the decedent would have contributed to the support of his family between today and the end of his normal life expectancy; and

    d.   An amount which will fairly and adequately compensate his family for the pecuniary and emotional value of the services, society and comfort that he would have given to his family had he lived including such elements as provision of physical comfort and services and provision of society and comfort.

75.    As a direct and proximate result of the Defendants' wrongdoing as set forth above, which is incorporated herein, Robert Buch Enck's Wrongful Death beneficiaries suffered, are suffering, and will, for an indefinite period of time in the future, suffer damages, injuries and losses including but not limited to, a loss of financial support, and the beneficiaries have been wrongfully deprived of the contributions they would have received from him, including monies which he would have provided for items such as clothing, food, shelter, medical care, education and entertainment, recreation and gifts.

76.    As a direct and proximate result of Defendants' wrongdoing as set forth above, which is incorporated herein, Robert Buch Enck's Wrongful Death beneficiaries have been caused to incur and pay various expenses for medical treatment, hospital care, custodial care, nursing care and medications, and funeral and other expenses related to his death.

**WHEREFORE**, Plaintiff demands compensatory damages against all Defendants, jointly and/or severally, in an amount sufficient to fully and adequately compensate the Plaintiff, plus interest, costs, attorney's fees and all other appropriate relief.

**Count VIII – 42 Pa. C.S. § 8302**
**Survivor Action**
**<u>Plaintiff v. All Defendants</u>**

77.    All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

78.     Plaintiff brings this action on behalf of the Estate of Robert Buch Enck, deceased, by virtue of the Pennsylvania Survival Act, 42 Pa. C.S. § 8302, and claims all benefits of the Survival Act on behalf of Robert Buch Enck's estate and other persons entitled to recover under law.

79.     As a direct and proximate result of Defendants' wrongdoing, as set forth above, Plaintiff claims on behalf of the Estate of Robert Buch Enck all damages suffered by the Estate by reason of the death of Robert Buch Enck, including:

    a.  The severe injuries to Decedent, which resulted in his death;

    b.  The anxiety, horror, fear of impending death, mental disturbance, pain, suffering and other intangible losses which Decedent suffered prior to his death;

    c.  The loss of past, present, and future earning capacity suffered by Decedent, from the date of his death until the time in the future he would have lived had he not died as a result of the injuries he sustained;

    d.  Expenses for medical care;

    e.  The loss and total limitation and deprivation of his normal activities, enjoyment of life, pursuits, and life's pleasures from the date of his death until such time in the future as he would have lived had he not died as a result of the injuries sustained.

**WHEREFORE**, Plaintiff demands compensatory and punitive damages against all Defendants, jointly and/or severally, in an amount sufficient to fully and adequately compensate the Plaintiff, plus interest, costs, attorney's fees and all other appropriate relief.

Respectfully submitted,

/s/ Alan Denenberg
ALAN DENENBERG, ESQUIRE
Pennsylvania ID No. 54161
ABRAMSON & DENENBERG, P.C.
1315 Walnut Street | Suite 500
Philadelphia, PA 19107
(215) 398-7066
Date:                                    adenenberg@adlawfirm.com